O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEMETRIO ARMENTA, | ) | CASE NO. ED CV 08-01268 DOC (RZ) |
| Petitioner, | ) | |
| | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| TOM FELKER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

        In this habeas corpus action, Demetrio Armenta challenges his 2005 conviction for first degree murder.  Because Petitioner affirmatively indicates on the face of the petition that he has not yet exhausted all of his claims in the California Supreme Court, the Court issues this Order To Show Cause.

        As a matter of comity between state and federal courts, a federal court should not address the merits of a habeas corpus petition unless the petitioner first has sought state judicial review of every ground presented in the petition.  *Rose v. Lundy*, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).  Indeed, Congress has instructed that a habeas petition brought by a person in state custody shall not be *granted* "unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C.

§ 2254(b)(1) (emphasis added).  Under some circumstances, an unexhausted petition may be *denied* on the merits.  28 U.S.C. § 2254(b)(2).  In the usual case, however, the most appropriate course of action for a district court presented with an unexhausted petition is to dismiss the petition without prejudice.  *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005) (reversing, as erroneous, district court's dismissal of unexhausted claim *with* prejudice).

To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).  In the state proceeding, the petitioner must describe both the operative facts and the federal legal theory underlying his claim.  *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).  Petitioner has the burden of demonstrating that he has exhausted available state remedies.  *See, e.g., Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir.1982).  The Ninth Circuit has held, however, that *pro se* petitions are held to a more lenient standard for purposes of exhaustion than are counseled petitions.  *See Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003).

Here, even when the Court applies the more lenient standard, the face of the petition makes clear that Petitioner has not fulfilled the exhaustion requirement for Claims 2, 3 and 4, for he affirmatively admits the facts that render those claims unexhausted.  Specifically, he has checked boxes on the form petition indicating that he never presented those claims to the California Supreme Court, either on direct appeal or in a habeas petition.  *See* Pet. ¶ 7(b), (c), (d).  (In Claim 4, Petitioner faults his appellate attorney for failing to exhaust Claim 2, but Claim 4 is itself plainly unexhausted.  *See* Pet. ¶ 7(d).)

A petitioner whose petition has been adjudged as "mixed" – that is, as presenting at least one claim that is exhausted but at least one that is not – generally has several options, including: (1) allowing dismissal of the Petition; (2) abandoning the unexhausted claims by filing an amended petition containing only the exhausted claim(s), *see Jefferson v. Budge*, 419 F.3d 1013, 1016 (9th Cir. 2005); and (3) pursuing a stay of the

Petition in order to return to state court to exhaust the unexhausted claims. *See Rhines v. Webber*, 544 U.S. 269, 278, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005); *see also Jackson v. Roe*, 425 F.3d 654, 660-61 (9th Cir. 2005) (No. 02-56210) (district court has discretion to stay mixed petition). Such a stay is not appropriate in most instances. *Rhines*, 544 U.S. at 277.

Accordingly, IT IS ORDERED that, within 30 days, Petitioner shall show cause in writing why this action should not be dismissed for failure to exhaust state remedies. The Court shall discharge this Order To Show Cause if, within the time permitted, Petitioner files either –

1.  a First Amended Petition that presents only claims that are fully exhausted (or, at least, claims that do not appear plainly unexhausted on the face of the amended petition); or
2.  a motion to stay and abey this action pending state-court exhaustion of the unexhausted claims, and the Court finds good cause for Petitioner's failure to have exhausted the claims earlier. *Rhines*, 544 U.S. at 277-78.

IT IS SO ORDERED.

DATED:   September 23, 2008

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE